# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD STANFIELD, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10808** |
| **CRIMINAL DISTRICT CLERK OF COURT ARTHUR MORRELL** | **SECTION:  "C"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Ronald Stanfield, Jr., filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Arthur Morrell.  Because the basis for plaintiff's complaint was unclear, the undersigned scheduled a <u>Spears</u> hearing[1] in this matter for December 27, 2006, and sent notice of that hearing to plaintiff and the warden at the Louisiana State Penitentiary, plaintiff's address of record.  On December 20, 2006, an official with the Louisiana State Penitentiary notified the Court that plaintiff was no longer incarcerated at that facility.[2]  On that same date, the undersigned issued an order canceling the <u>Spears</u> hearing and directing plaintiff to file a change of address within thirty days.[3]  To date, no such change of address has been filed.

---

[1] See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1989).

[2] All mail sent by the Court to plaintiff at that facility has been returned as undeliverable.  Rec. Docs. 6, 7, and 8.

[3] Rec. Doc. 5.

The complaint signed by plaintiff included the following notice: "The failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal."[4] Despite that notice, plaintiff has failed to meet his obligation to inform the Court of his current address. As a result, his current whereabouts are unknown, and it is appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has failed to provide this Court with his current address despite having notice that failure to do so could result in dismissal of his lawsuit. Due solely to plaintiff's failure, this Court has no way to contact him, to reschedule the Spears hearing, or to otherwise advance his case.

---

[4] Rec. Doc. 1, p. 6.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this thirty-first day of January, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**